THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN COLES<br>2638 South 62nd Street<br>Philadelphia, PA 19142<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROJECT HOME<br>1515 Fairmount Ave.<br>Philadelphia, PA 19130<br><br>　　　　Defendant. | JURY DEMANDED<br><br>CASE NO. |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Kathryn Coles, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the under the Age Discrimination in Employment Act of 1967 ("ADEA") have been violated and avers as follows:

### I.   PARTIES

1. Plaintiff, Kathryn Coles (hereinafter "Plaintiff" or "Coles"), is an adult individual residing at 2638 South 62nd Street, Philadelphia, PA 19142.

2. Defendant, Project HOME, (hereinafter "Defendant") is, upon information and belief, a Pennsylvania company which has a principal place of business at 1515 Fairmount Avenue, Philadelphia, PA 19130.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.     JURISDICTION AND VENUE

4. At all times material hereto, Defendant qualified as Plaintiff's employer under the Age Discrimination in Employment Act of 1967 ("ADEA," 29 U.S.C. § 621 et seq.).

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a "Notice of Right-to-Sue" letter issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the ADEA and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions and/or omissions by Defendant set forth herein

## III.     OPERATIVE FACTS

9. On or about October of 24, 2006, Project HOME hired Ms. Coles as a support staff member.

10. Ms. Coles provided exemplary service for Defendant throughout her fourteen (14) years of employment.

11. Through hard work and dedication for the Defendant, Ms. Coles was promoted to Project Manager.

12. During her tenure as a project manager, Plaintiff performed her duties without complaint or incident.

13. Ms. Coles was never reprimanded, at any point, during her fourteen (14) year career with the Defendant.

14. Unfortunately, throughout the course of her employment with Defendant, Ms. Coles was frequently asked about her age and was subjected to comments suggesting that she was old.

15. Further, over the last three (3) years of her employment with the Defendant, Ms. Coles witnessed the common practice of the older, long tenured, employees having their employments terminated, only to be replaced by significantly younger workers.

16. Ms. Coles was constantly reminded by her supervisors, Chantell Powell-Brinkley and Tanika Brown, that she was one of the oldest people employed with Defendant.

17. When Ms. Coles began working with Brown, Brown informed Ms. Coles that she was too busy to train her.

18. To make her employment more difficult, Ms. Coles was often excluded from Defendant's training meetings.

19. On or about September 11, 2020, Nicole Edwards, Defendant's human resources member, informed her that she was suspended pending an investigation for an incident with either another employee or resident but was not provided details about what the incident was or who it was with.

20. This allegation took Ms. Coles by surprise for she did not understand what Edwards was referring to.

21. On or about September 22, 2020, Ms. Coles received a call from Edwards stating she was being terminated for performance issues that she had received on a performance improvement plan.

22. Prior to September 22, 2020, Ms. Coles never received a performance improvement plan.

23. Upon information and belief, the reason for Ms. Coles termination was pretext and was actually due to her age due to the fact that her suspension had nothing to do with the reason given for the termination of her employment.

### IV.   CAUSE OF ACTION

#### COUNT I
#### ADEA CLAIM - DISCRIMINATION
#### (29 U.S.C. § 621 et seq.)

23. Plaintiff incorporates paragraph 1-22 as if fully set forth at length herein.

24. At set forth above, Plaintiff's status as a female over the age of forty (40) places her in a protected class.

25. Defendant took adverse action against Plaintiff by terminating her employment.

26. Plaintiff's membership in a protected class was the sole factor in Defendant's decision to terminate Plaintiff's employment.

27. As such, Defendant's decision to terminate Plaintiff's employment is an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

28. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

29.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

30.     Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Kathryn Coles, demands judgment in her favor and against Defendant, Project HOME, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

DATE: <u>November 5, 2021</u>                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**Robert H. Graff, Esquire**
**P.A. ID 206233**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0138
Telefax: (215) 944-6124
Email: robertg@ericshore.com
*Attorney for Plaintiff, Kathryn Coles*

5

# EXHIBIT "A"

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kathryn Coles<br>2638 South 62nd Street<br>Philadelphia, PA 19142 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-02259 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)    August 26, 2021

Enclosures(s)

**Dana R. Hutter,**
**Deputy Director**

*(Date Issued)*

cc:  **Rufus Jennings, Esq.**           **Robert Graff, Esq**